In re the MARRIAGE OF Patricia G. MEDLOCK and Clinton H. Medlock.

Patricia G. DUNLOP, Appellant,

v.

Clinton H. MEDLOCK, Respondent.

No. 14406.

Missouri Court of Appeals, Southern District, Division One.

Dec. 12, 1986.

David G. Neal, Eminence, for appellant.

Treva J. Hearne, Steelman, Hearne & Hearne, Salem, for respondent.

CROW, Chief Judge.

The marriage of Patricia Gail Medlock ("Patty") and Clinton H. Medlock ("Clinton") was dissolved October 21, 1982. Custody of their two children, Clinton Jay Medlock ("Jay"), born March 27, 1977, and Amy E. Medlock ("Amy"), born June 7, 1980, was awarded to Patty. Clinton was granted reasonable visitation rights, and was ordered to pay child support.

On October 26, 1984, Clinton filed a motion to modify the dissolution decree, seeking, among other relief, primary custody of the children. Patty filed a countermotion seeking an increase in child support and modification of Clinton's visitation rights.

The motions were tried July 1, 1985. By then, Patty had a new husband, John Alden Dunlop ("John"), whom she had married December 15, 1984, and she was expecting a child, due to be born August 6, 1985. John was in Spokane, Washington, having been transferred there by his employer about a month before trial. Patty was planning to move there with Jay and Amy "as soon as possible."

Clinton also had a new spouse, Barbara, whom he had married four months before trial. Barbara's two children by a prior marriage, Josh Tripp (age 5) and Jamie Tripp (age 2½), were residing with Clinton and Barbara at time of trial.

Clinton and Patty were each represented by counsel at trial, and each presented evidence. Additionally, the trial court, by stipulation of the parties, interviewed Jay and Amy on the record in the presence of counsel. Without detailing the evidence, it is sufficient for disposition of this appeal to state that Clinton's evidence was more than adequate to support a finding that changes had occurred in the circumstances of Jay, Amy and Patty, and that modification was necessary to serve the best interests of the children. § 452.410, RSMo Cum.Supp.1984.

On July 10, 1985, the trial court entered an order transferring primary custody of Jay and Amy to Clinton. Patty was awarded temporary custody six weeks each summer, one week during Christmas vacation, and also during the "school vacation" in

the spring. Patty was assigned the responsibility for picking the children up at Clinton's residence at the beginning of each period of temporary custody and returning them at the end of each period. Because of the anticipated transportation expense, Patty was not ordered to pay child support to Clinton.

Patty appeals, praying that "the modification order be reversed."

We have carefully studied the 143–page transcript and the comprehensive briefs filed by counsel for both parties. The judgment, reviewable under Rule 73.01,[1] is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares the law nor erroneously applies the law. That is the scope of our review in this court-tried case.

*Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976); H____ v. H____, 637 S.W.2d 432, 434[1] (Mo.App.1982). Furthermore, we have determined that an opinion would have no precedential value. Accordingly, the judgment is affirmed in compliance with Rule 84.16(b).

GREENE, P.J., and A.J. SEIER, Special Judge, concur.

TITUS, J., not participating.

---

**1.** Rule references are to Missouri Rules of Civil Procedure (17th ed. 1986).